# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BLERIM SKORO,** | **Civil Action No. 26-9818 (RK)** |
| **Petitioner,** | |
| **v.** | **ORDER** |
| **ARTHUR J. WILSON, et al.,** | |
| **Respondents.** | |

Petitioner is a citizen of Kosovo who was granted deferral of removal pursuant to the Convention Against Torture ("CAT") on November 9, 2022. He has filed a habeas petition pursuant to 28 U.S.C. § 2241 challenging his detention on August 3, 2026, by immigration authorities. He alleges that he was detained at the Newark Field Office at the time he filed the instant Petition. (ECF No. 1, Petition at ¶ 16.)

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000); *see* Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b). The Court has examined the Petition and determined that dismissal prior to the answer is not warranted.

The Chief Judge entered a Text Order staying Petitioner's transfer from this District. (ECF No. 3.) That stay of transfer shall remain in effect while these proceedings are pending.[1]

---

[1] Respondents may file a written request to lift the stay order if they are lawfully permitted to remove Petitioner from the United States. Any request to lift the stay of transfer must be accompanied by evidence that 1) Petitioner has a valid final order of removal and 2) his removal is imminent and requires his transfer from New Jersey.

The Petition raises four claims for relief, which are premised on the assumption that Petitioner is wrongfully detained under 8 U.S.C. § 1225(b). The Petition and TRO Motion argue that Respondents have no legal basis to detain Petitioner and seek his release or a bond hearing under 8 U.S.C. § 1226(a). Section 1226(a) creates "a default rule" for noncitizens who are already in the country and, subject to certain procedural protections, permits "their arrest and detention pending removal proceedings." *See Jennings v. Rodriguez*, 583 U.S. 281, 303 ( 2018) (emphasis added). Section 1231(a), in contrast, "authorizes the detention of aliens who have already been ordered removed from the country." *Id.* at 298. There is no indication that Petitioner is in removal proceedings. And "[a]n order granting CAT relief means only that, notwithstanding the order of removal, the noncitizen may not be removed to the designated country of removal, at least until conditions change in that country. But the noncitizen still 'may be removed at any time to another country where he or she is not likely to be tortured.'" *Nasrallah v. Barr*, 590 U.S. 573, 582 (U.S., 2020) (citing 8 C.F.R. §§ 1208.17(b)(2), 1208.16(f)). The Motion for a Temporary Restraining Order ("TRO Motion") is denied without prejudice (ECF No. 2) because Petitioner has not provided sufficient facts or legal analysis for the Court to determine whether he is lawfully detained under 8 U.S.C. § 1231. The Court will, however, order an expedited briefing schedule.

**THEREFORE**, it is on this ___ day of August 2026;

**ORDERED** that, in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), this Court has examined the Petition and determined that dismissal of the Petition prior to submission of an answer and the record is not warranted; and it is further

2

**ORDERED** that the Clerk of the Court shall serve copies of the Petition and this Order upon Respondents by regular mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk of the Court shall forward a copy of the Petition and this Order to Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that, within 7 days, Respondent shall electronically file a full and complete answer to said Petition, which responds to the factual and legal allegations of the Petition; and it is further

**ORDERED** that the answer shall state the statutory authority for Petitioner's detention, *see* 28 U.S.C. § 2243, and provide the relevant legal analysis and record; and it is further

**ORDERED** that Respondent shall raise in the answer any appropriate defenses and relevant legal arguments with citations to appropriate legal authority; and it is further

**ORDERED** that Respondent shall electronically file with the answer certified copies of the administrative record and all other documents relevant to Petitioner's claims; it is further

**ORDERED** that Petitioner may file and serve a reply in support of the Petition within 7 days after the answer is filed; and it is further

**ORDERED** that the TRO Motion at ECF No. 2 is **DENIED WITHOUT PREJUDICE.**

ROBERT KIRSCH
United States District Judge

3